UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MARCOS ACEVEDO,

                    Plaintiff,

-against-

HARVARD MAINTENANCE COMPANY;
SERVETE DRAZTTI, SUPERVISOR,

                    Defendants.

20-CV-0721 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the New York State and City Human Rights Laws, alleging that his employer discriminated against him based on his race and age. By order dated January 29, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service.

*See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Harvard Maintenance Company and Servete Draztti, Supervisor, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Harvard Maintenance Company and Servete Draztti, Supervisor, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated: February 4, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Harvard Maintenance Company
   59 Maiden Lane
   New York, New York 10038

2. Servete Draztti, Supervisor
   Harvard Maintenance Company
   59 Maiden Lane
   New York, New York 10038