UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCOS ACEVEDO,

                Plaintiff,

       - against -

HARVARD MAINTENANCE CO.
and SERVETE DRAZTTI,

               Defendants.

---

20-cv-00721 (AJN)(KNF)


# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Epstein Becker & Green, P.C.
John F. Fullerton III
Jennifer R. O'Connor
875 Third Avenue
New York, New York 10022
(212) 351-4500
*Attorneys for Defendants*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS .................................................................................... 1

ARGUMENT .............................................................................................. 4

I.   PLAINTIFF'S UNION WAIVED HIS RIGHT TO THIS FORUM;
     INSTEAD, HIS CLAIMS ARE SUBJECT TO MANDATORY, FINAL
     AND BINDING ARBITRATION ......................................................................... 4

     A.  The Federal Arbitration Act Mandates Arbitration of Plaintiff's Claims ........................... 4

     B.  A "Clear And Unmistakable" Collective Bargaining  Agreement Provision
         Compelling Arbitration Of Statutory Anti-Discrimination Claims Is Enforceable ................. 5

     C.  The Union's Waiver Of Plaintiff's Right To File  This Suit In This Forum
          Is "Clear and Unmistakable." ................................................................ 6

II.  PLAINTIFF'S CLAIMS ARE BARRED BY RES JUDICATA BECAUSE
     THEY WERE ALREADY LITIGATED AND DECIDED IN FINAL AND
     BINDING ARBITRATION. .......................................................................... 8

     A.  Dismissal Of Plaintiff's Claims Is Warranted Under  Rule 12(b)(6) And The
         Doctrine Of *Res Judicata* ................................................................... 8

     B.  Plaintiff's Claims Against Defendants Should Be Dismissed Because They
         Were Already Adjudicated in Final and Binding Arbitration, or Could Have
         Been Raised During That Proceeding ......................................................... 9

III. PLAINTIFF'S NYCHRL CLAIMS ARE ALSO BARRED BECAUSE HE
     ELECTED TO PURSUE THOSE CLAIMS BEFORE THE NYSDHR,
     WHICH ISSUED A "NO PROBABLE CAUSE" FINDING. ............................................ 13

IV.  PLAINTIFF'S ALLEGATIONS CONCERNING HIS TERMINATION
     FROM A SUBSEQUENT EMPLOYER FAIL TO STATE A CLAIM FOR
     RELIEF AGAINST DEFENDANTS. ................................................................ 16

CONCLUSION .......................................................................................... 17

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*14 Penn Plaza LLC v. Pyett*,
556 U.S. 247 (2009)................................................................................................5, 6

*Alfonso v. Maggies Paratransit Corp.*,
203 F. Supp. 3d 244 (E.D.N.Y. 2016) ....................................................................7

*Allied-Bruce Terminix Cos. v. Dobson*,
513 U.S. 265 (1995)...............................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................8, 16

*Bohnet v. Valley Stream Union Free Sch. Dist. 13*,
30 F. Supp. 3d 174 (E.D.N.Y. 2014) ....................................................................12

*Borrero v. Ruppert Hous. Co.*,
No. 08 CV 5869 (HB), 2009 WL 1748060 (S.D.N.Y. June 19, 2009)....................7

*Boykin v. KeyCorp*,
521 F.3d 202 (2d Cir. 2008)................................................................................8, 16

*Caldarera v. Int'l Longshoremen's Ass'n, Local 1*,
765 F. App'x 483 (2d Cir. 2019) .........................................................................8

*Circuit City Stores, Inc. v. Adams*,
532 U.S. 105 (2001)...............................................................................................4

*Cox v. Perfect Bldg. Maint. Corp.*,
No. 16-CV-7474 (VEC), 2017 WL 3049547 (S.D.N.Y. July 18, 2017) ...................8, 10, 12

*Crawley v. Macy's Retail Holdings, Inc.*,
No. 15 Civ. 2228 (KPF), 2016 WL 6993777 (S.D.N.Y. Nov. 29, 2016) ................9

*Criley v. Delta Air Lines, Inc.*,
119 F.3d 102 (2d Cir. 1997)................................................................................12

*Dietrich v. City of N.Y.*,
18 CV 7544 (CM), 2019 WL 2236585 (S.D.N.Y. May 16, 2019) .........................11

*Duraku v. Tishman Speyer Props.*,
714 F. Supp. 2d 470 (S.D.N.Y. 2010)...................................................................5

*Geldzahler v. N.Y. Med. Coll.*,
    663 F. Supp. 2d 379 (S.D.N.Y. 2009) ..................................................................16

*Hall St. Assocs. LLC v. Mattel, Inc.*,
    552 U.S. 576 (2008) ..........................................................................................4

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009) ................................................................................16

*Harris v. NYU Langone Med. Ctr.*,
    No. 12 Civ. 0454 (RA), 2013 WL 3487032 (S.D.N.Y. July 9, 2013), *report
    and recommendation adopted as modified*, No. 12 Civ, 0454 (RA), 2013 WL
    5425336 (S.D.N.Y. Sept. 27, 2013) ....................................................................16

*Higgins v. NYP Holdings, Inc.*,
    836 F. Supp. 2d 182 (S.D.N.Y. 2011) ...............................................................14

*Horowitz v. Aetna Life Ins.*,
    148 A.D.2d 584 (2d Dep't 1989) .......................................................................15

*Lobban v. Cromwell Towers Apts., L.P.*,
    345 F. Supp. 3d 334 (S.D.N.Y. 2018) ...................................................... *passim*

*Lore v. City of Syracuse*,
    670 F.3d 127 (2d Cir. 2012) ..............................................................................11

*Luckett v. Bure*,
    290 F.3d 493 (2d Cir. 2002) ..............................................................................13

*Marcus v. Leviton Mfg Co.*,
    661 F. App'x 29 .................................................................................................12

*McEachin v. McGuinnis*,
    357 F.3d 197 (2d. Cir. 2004) .............................................................................16

*McLaughlin v. MacQuarie Capital (USA)*,
    No. 17-CV-9023 (RA), 2018 WL 3773992 (S.D.N.Y. Aug. 7, 2018) .................5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
    473 U.S. 614 (1985) .......................................................................................4, 5

*Monahan v. N.Y.C. Dep't of Corr.*,
    214 F.3d 275 (2d Cir. 2000) ...........................................................................8, 10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ..............................................................................................4

*Pierre v. Lieberman*,
  No. 16 Civ. 5473 (GBD) (HPB), 2017 WL 9565660 (S.D.N.Y. June 14, 2017) .............10, 11

*Pike v. Freeman*,
  266 F.3d 78 (2d Cir. 2001)....................................................................................................8, 12

*Powers v. City of New York*,
  No. 04-CV-02246 (NGG), 2007 WL 1026407 (E.D.N.Y. Mar. 30, 2007) ...........................11

*Preston v. Ferrer*,
  552 U.S. 346 (2008)..................................................................................................................4

*Rochester v. Fortune Soc'y*,
  No. 16 Civ. 9423 (PGG), 2018 WL 4574886 (S.D.N.Y. Sept. 4, 2018) ..........................13, 15

*Rodriguez de Quijas v. Shearson/American Express, Inc.*,
  490 U.S. 477 (1989)..................................................................................................................4

*Rogers v. New York Univ.*,
  220 F.3d 73 (2d Cir. 2000).......................................................................................................6

*Rosario v. N.Y.C. Dep't of Educ.*,
  No 10 Civ. 6160(DLC), 2011 WL 1465763 (S.D.N.Y. Apr. 15, 2011) ..........................14, 15

*Siddiqua v. N.Y. State Dep't of Health*,
  642 F. App'x 68 (2d Cir. 2016) ................................................................................................8

*Son v. Greenland & Grocery, Inc.*,
  No. 11 Civ. 9533 (PGG), 2013 WL 12084500 (S.D.N.Y. Mar. 11, 2013)............................15

*Southland Corp. v. Keating*,
  465 U.S. 1 (1984)......................................................................................................................4

*Sugin Zhu v. Hakkasan NYC LLC*,
  291 F. Supp. 3d 378 (S.D.N.Y. 2017).......................................................................................4

*Sweeper v. Tavera*,
  No. 08 Civ. 6372 (HB), 2009 WL 2999702 (S.D.N.Y. Sept. 21, 2009)................................11

*Thomson v. Odyssey House*,
  No. 14-CV-3857 (MKB), 2015 WL 5561209 (E.D.N.Y. Sept. 21, 2015)................................9

*Veliz v. Collins Bldg. Servs., Inc.*,
  No. 10 Civ. 06615 (RJH), 2011 WL 4444498 (S.D.N.Y. Sept. 26, 2011) ...............................7

*Wright v. Universal Maritime Serv. Corp.*,
  525 U.S. 70 (1998)................................................................................................................6, 7

*Yacklon v. East Irondequoit Centr. Sch. Dist,*
    733 F. Supp. 2d 385 (W.D.N.Y. 2010) ..................................................................16

*York v. Ass'n of Bar of N.Y.,*
    286 F.3d 122 (2d Cir. 2002) ...............................................................................14

**Statutes**

9 U.S.C. § 2 ...................................................................................................................4

N.Y. Exec. Law § 297(9) ............................................................................................14

N.Y.C. Admin. Code § 8-502(a) .................................................................................14

**Rules**

Fed. R. Civ. P. 12(b)(1) .........................................................................................13, 15

Fed. R. Civ. P. 12(b)(6) ...........................................................................................8, 16

Fed. R. Evid. 201(b) ..................................................................................................8, 9

## PRELIMINARY STATEMENT

Harvard Maintenance, Inc. ("Harvard," erroneously identified in the caption as Harvard Maintenance Co.) and Servete Drazhi ("Drazhi," misspelled in the caption) (collectively, "Defendants") respectfully move pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(1) and 12(b)(6) to dismiss all claims in the Complaint (Docket No. 2) filed by *pro se* Plaintiff Marcos Acevedo ("Plaintiff" or "Acevedo").  In his Complaint, Plaintiff asserts claims of wrongful termination, retaliation and harassment based on race, age and national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the New York City Human Rights Law, N.Y. Admin. Code § 8-101 *et. seq.* ("NYCHRL").  The Complaint should be dismissed with prejudice because Plaintiff's alleged discrimination claims were already heard, and denied, in mandatory, final and binding arbitration pursuant to the applicable collective bargaining agreement between Harvard and Plaintiff's union.  Moreover, Plaintiff's NYCHRL claims are barred by the election of remedies doctrine because Plaintiff pursued those claims before the New York State Division of Human Rights ("NYSDHR"), which issued a "no probable cause" finding. Plaintiff's allegations regarding his termination from a subsequent, unnamed employer also fail to state a claim for relief against Defendants.

## STATEMENT OF FACTS

Plaintiff was employed as a porter by Harvard from 2017 until his employment was terminated in December 2018. (*See* Complaint at 3, 5; Member Complaint Summary, attached as an exhibit to the Complaint, at Docket No. 2, p. 11.)   At all times during his employment with Harvard, Plaintiff was a member of Local 32BJ, SEIU (the "Union"). (*See* Member Complaint Summary, at Docket No. 2, p. 11.)  As such, in connection with his employment with Harvard,

Plaintiff's terms and conditions of employment were determined by the Union's collective bargaining agreement with Harvard (the "Agreement").[1]

Pursuant to Article XII, Paragraph 30 of the Agreement, the Union expressly agreed on behalf of its members to the grievance and arbitration procedure "as [the] sole and exclusive remedy for violations" of federal, state and local anti-discrimination laws including Title VII, the ADEA and NYCHRL.  Specifically, the Agreement governing this dispute provides:

> *30. No Discrimination.*  There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, sexual orientation, union membership, or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, 42 U.S.C. Section 1981, the Family and Medical Leave Act, the New York City Human Rights Code, or any other similar laws, rules or regulations.  All such claims shall be subject to the grievance and arbitration procedure (Articles V and VI) *as the sole and exclusive remedy for violations.*  Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.  (Ex. A, Article XII, ¶ 30) (emphasis added).

Article VI of the Agreement also contains a broad arbitration clause, which provides:

> There shall at all times be a Contract Arbitrator to decide all differences arising between the parties as to interpretation, application or performance of any part of this Agreement, and such other issues *as are expressly required to be arbitrated before him/her* under the terms of this Agreement.
>
> ***
>
> The procedure herein outlined in respect to matters over which a Contract Arbitrator has jurisdiction shall be the *sole and exclusive method for the determination of all such issues*, and said Arbitrator shall have the power to…award appropriate remedies…*the award of the Arbitrator being final and binding upon the parties and the employee(s) involved.* (Ex. A, Article VI, ¶ 1, 4) (emphasis added).

---

[1] A copy of the Agreement is annexed as Exhibit A to the Declaration of John F. Fullerton III, dated May 4, 2020 ("Fullerton Declaration.").  All other exhibits referenced herein are also annexed to the Fullerton Declaration.

On December 17, 2018, Plaintiff filed a "Member Complaint" with the Union asserting claims of harassment and wrongful termination. (*See* Member Complaint Summary, at Docket No. 2, p. 11.)  Following his termination, the Union, on behalf of Plaintiff, initiated the grievance procedure and ultimately, demanded arbitration. (Ex. B, at 4-5.)   In accordance with the Agreement, an arbitration hearing took place before Arbitrator David J. Reilly, Esq., at the Office of the Contract Arbitrator in New York City on June 14, 2019.   (*See* Ex. B, at 5.)   The Union argued that Plaintiff "was not discharged because of the misconduct cited by the Employer, but in retaliation for his complaints of ongoing harassment" and claimed that the charged misconduct was "a pretext for his discharge."  (Ex. B, at 6, 8.)  On July 19, 2019, the Arbitrator issued a final and binding written Award (the "Award"). (*See* Ex. B, at 11.)  The Arbitrator concluded that: (1) Harvard had "just cause to discharge Acevedo"; (2) the allegation that the charged misconduct was a pretext for Acevedo's termination was "unsupported by the evidence"; (3) "Acevedo's discharge resulted solely from his misconduct"; and (4) discharge was the appropriate penalty.   (*Id.* at 7-8, 11.)

On December 20, 2018, Plaintiff also filed a complaint with the NYSDHR alleging that Harvard had engaged in unlawful retaliation and discrimination. (Ex. C, at 1.)  The NYSDHR found that: (1) "[t]here is a lack of evidence in support of [Plaintiff's] allegation of discrimination based on age (52), race/color (Hispanic), national origin (Puerto Rican), marital status (single), sexual orientation (heterosexual) and opposed discrimination/retaliation"; (2) Plaintiff's claims were "unsupported" and "mere conclusory statements"; and (3) "[Plaintiff's] age, race/color, marital status, national origin, sexual orientation and prior discrimination complaint were not factors in [Plaintiff's] termination." (*Id.* at 1-2.)

# ARGUMENT

## I.   PLAINTIFF'S UNION WAIVED HIS RIGHT TO THIS FORUM; INSTEAD, HIS CLAIMS ARE SUBJECT TO MANDATORY, FINAL AND BINDING ARBITRATION.

### A.   The Federal Arbitration Act Mandates Arbitration of Plaintiff's Claims.

Under the Federal Arbitration Act ("FAA"), a contract to arbitrate any controversy arising out of a transaction involving commerce is "valid, irrevocable, and enforceable," except where grounds exist for the revocation of any contract. 9 U.S.C. § 2.  The FAA "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008); *see also Hall St. Assocs. LLC v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (same).  The Supreme Court has read the FAA to require "judicial enforcement of a wide range of written arbitration agreements," interpreting it "as implementing Congress' intent to 'to exercise [its] commerce power to the full.'"  *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111-112 (2001) (quoting *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995)). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (reading these provisions to manifest "a liberal federal policy favoring arbitration agreements").  The FAA applies broadly to agreements to arbitrate all types of legal claims, including claims arising under federal and state statutes.  *See, e.g.*, *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477 (1989); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985). In particular, the FAA applies to employment contracts that contain arbitration provisions, except those for transportation employees excluded by the FAA, Section 1.  *Circuit City Stores*, 532 U.S. at 109; *see also Sugin Zhu v. Hakkasan NYC LLC*, 291 F. Supp. 3d 378, 393 (S.D.N.Y. 2017).  On several occasions, the United States Supreme Court has held that the FAA applies both in state and federal courts, and preempts state law to the extent that it is inconsistent.  *See, e.g.*, *Allied-Bruce Terminix Cos.*, 513 U.S. at 272; *Southland Corp. v. Keating*, 465 U.S. 1, 12 (1984).  Therefore,

the FAA governs the Agreement to arbitrate employment-related statutory claims, and this Court must apply the FAA to enforce the Agreement. *See Duraku v. Tishman Speyer Props.*, 714 F. Supp. 2d 470, 473-74 (S.D.N.Y. 2010).

**B.     A "Clear And Unmistakable" Collective Bargaining Agreement Provision Compelling Arbitration Of Statutory Anti-Discrimination Claims Is Enforceable.**

The Supreme Court held that a "collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law." *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 272 (2009). A collective bargaining agreement provision that requires arbitration of employment-discrimination claims, is a freely-negotiated term, governed by the National Labor Relations Act ("NLRA"). *See id.* at 255-56. A court must honor the collective bargaining agreement's arbitration provision, unless the statute underlying the claim precludes the "particular class of grievances from the NLRA's broad authority." *Id.* at 257-58 (noting that Congress did not intend to preclude arbitration of claims brought under the ADEA). *See also Mitsubishi Motors Corp.*, 473 U.S. at 628; *Duraku*, F. Supp. at 473-74.

Here, the Agreement expressly prohibits discrimination on the basis of factors prohibited by federal, state, and local anti-discrimination law, including claims brought under Title VII, the ADEA and the NYCHRL; provides that "all such claims" alleging discrimination are subject to the contractual grievance and arbitration procedure "as the sole and exclusive remedy"; and directs arbitrators to "apply appropriate law in rendering decisions based upon claims of discrimination." (Ex. A, Article XII, ¶ 30.) Furthermore, the legislative history of Title VII, the ADEA and the NYCHRL does not preclude the arbitration of claims. *See 14 Penn Plaza*, 556 U.S. at 257-58; *McLaughlin v. MacQuarie Capital (USA)*, No. 17-CV-9023 (RA), 2018 WL 3773992, at *3 (S.D.N.Y. Aug. 7, 2018). Therefore, the NLRA provided the Union and the employer with

5

statutory authority to collectively bargain for arbitration of workplace discrimination claims, and Congress did not terminate that authority with respect to discrimination claims under Title VII, the ADEA and the NYCHRL.

**C.     The Union's Waiver Of Plaintiff's Right To File
This Suit In This Forum Is "Clear and Unmistakable."**

For a waiver to be enforceable, an agreement to arbitrate statutory anti-discrimination claims must be "explicitly stated." *14 Penn Plaza*, 556 U.S. at 258 (quoting *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80 (1998)).  In *Wright*, the Supreme Court held that a union's waiver of an employee's right to a judicial forum for discrimination claims must be "clear and unmistakable." *Wright*, 525 U.S. at 75.  A "clear and unmistakable" waiver exists when apart from the general arbitration provision, "another provision, like a nondiscriminatory clause" explicitly incorporates statutory antidiscrimination requirements.  *Rogers v. New York Univ.*, 220 F.3d 73, 76 (2d Cir. 2000) (noting that a "clear and unmistakable" waiver also exists when the arbitration clause contains a provision under which employees specifically agree to submit all federal causes of action arising out of their employment to arbitration).  Specific incorporation requires identifying the antidiscrimination statutes by name or citation.  *Rogers*, 220 F.3d at 76. Furthermore, the collective bargaining agreement should make full compliance with such statute "a contractual commitment that is subject to the arbitration clause." *Wright*, 525 U.S. at 81.

Here, the Agreement contains a broad grant of authority to the arbitrator "[t]o decide all differences arising between the parties as to interpretation, application or performance of any part of this Agreement, and such other issues as the parties are expressly required to arbitrate . . . ." (Ex. A, Article VI, ¶ 1.)  The Agreement also contains a contractual No Discrimination provision that prohibits discrimination in violation of explicitly identified Federal, New York State, and New York City laws, including specifically Title VII, the ADEA and the NYCHRL, under which

Plaintiff brought this lawsuit.  (Ex. A, Article XII, ¶ 30.)  Moreover, the Agreement states that the grievance and arbitration procedure shall be the "sole and exclusive remedy" for violations of Title VII, the ADEA and the NYCHRL. (*Id.*)  Accordingly, the language of the Agreement meets the *Wright* "clear and unmistakable" standard, and waives Plaintiff's right to file suit in this Court under Title VII, the ADEA and the NYCHRL. *See Lobban v. Cromwell Towers Apts., L.P.*, 345 F. Supp. 3d 334, 341 (S.D.N.Y. 2018) (finding similar "No Discrimination" language to be a "clear and unmistakable" waiver).

In addition, Plaintiff cannot argue that the Agreement operates as a substantive waiver of his rights because he has not, and cannot, adduce any evidence that the Union has declined to pursue his discrimination claims. *Alfonso v. Maggies Paratransit Corp.*, 203 F. Supp. 3d 244, 249 (E.D.N.Y. 2016) (mandating arbitration where Plaintiff introduced no evidence that the Union has declined to arbitrate his claims despite the union's discretion to decide which claims to arbitrate); *Veliz v. Collins Bldg. Servs., Inc.*, No. 10 Civ. 06615 (RJH), 2011 WL 4444498, at *4 (S.D.N.Y. Sept. 26, 2011) (same).  Indeed, the Union in fact did pursue all of the claims raised by Plaintiff and proceeded to final and binding arbitration on those claims. (*See* Member Complaint Summary, at Docket No. 2, p. 11; Ex. B, at 4-5.)

Accordingly, because Plaintiff's Union clearly and unmistakably waived his right to this forum in the Agreement, this Court should dismiss Plaintiff's Complaint against Defendants. *Borrero v. Ruppert Hous. Co.*, No. 08 CV 5869 (HB), 2009 WL 1748060, at *3 (S.D.N.Y. June 19, 2009) (dismissing discrimination claims pursuant to materially indistinguishable language in a collective bargaining agreement).

II. **PLAINTIFF'S CLAIMS ARE BARRED BY RES JUDICATA BECAUSE THEY WERE ALREADY LITIGATED AND DECIDED IN FINAL AND BINDING ARBITRATION.**

    A. **Dismissal Of Plaintiff's Claims Is Warranted Under Rule 12(b)(6) And The Doctrine Of *Res Judicata*.**

There is no reason for the Court to compel arbitration here under the foregoing analysis, rather than dismiss the Complaint under the doctrine of *res judicata*, because a final and binding arbitration proceeding was already conducted. *Res judicata* bars claims from being re-litigated when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Cox v. Perfect Bldg. Maint. Corp.*, No. 16-CV-7474 (VEC), 2017 WL 3049547, at * 4 (S.D.N.Y. July 18, 2017) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). It is well-settled that the doctrine of *res judicata* can be based on arbitration proceedings. *Siddiqua v. N.Y. State Dep't of Health*, 642 F. App'x 68, 70 (2d Cir. 2016); *Pike v. Freeman*, 266 F.3d 78, 90-91 (2d Cir. 2001). Claims precluded by the doctrine of *res judicata* are properly dismissed under F.R.C.P. 12(b)(6) for failure to state a claim for relief that is plausible on its face. *Lobban,* 345 F. Supp. 3d at 341. *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Boykin v. KeyCorp*, 521 F.3d 202, 212 (2d Cir. 2008).

On a motion pursuant to F.R.C.P. 12(b)(6), the Court may "take judicial notice of a fact outside of the pleadings provided that the fact can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. As such, courts have regularly taken judicial notice of arbitration awards and collective bargaining agreements in considering a motion to dismiss or to compel arbitration." *Cox*, 2017 WL 3049547, at *3 (S.D.N.Y. July 18, 2017) (quoting Fed. R. Evid. 201(b)). *See also Caldarera v. Int'l Longshoremen's Ass'n, Local 1*, 765 F.

App'x 483, 485 n. 2 (2d Cir. 2019) ("The District Court took judicial notice of the [arbitration] decision pursuant to Federal Rule of Evidence 201(b).  We identify no error in this regard."); *Crawley v. Macy's Retail Holdings, Inc.*, No. 15 Civ. 2228 (KPF), 2016 WL 6993777 (S.D.N.Y. Nov. 29, 2016) (taking judicial notice of arbitration award when adjudicating motion to dismiss *pro se* complaint).  In connection with a motion to dismiss based on preclusion, "a court may consider CBAs and arbitration awards without converting the motion to a motion for summary judgment." *Lobban,* 345 F. Supp. 3d at 341.  Additionally, a Court may consider documents that are not attached to the Complaint if they are "either incorporated by reference or are integral to and solely relied upon by the complaint." *See Thomson v. Odyssey House*, No. 14-CV-3857 (MKB), 2015 WL 5561209, at *3 n.7 (E.D.N.Y. Sept. 21, 2015).  Plaintiff specifically references the outcome of the arbitration in the Complaint and thus, the decision and Award may be properly considered by the Court. (*See* Complaint at 5.)

**B.     Plaintiff's Claims Against Defendants Should Be Dismissed Because They Were Already Adjudicated in Final and Binding Arbitration, or Could Have Been Raised During That Proceeding.**

As required by the Agreement, Plaintiff availed himself of the Union's grievance procedure and brought a complaint for wrongful termination and harassment. (*See* Member Complaint Summary, at Docket No. 2, p. 11.)  The Union then pursued Plaintiff's claims on his behalf and demanded arbitration after the parties were unable to resolve the claims at the lower stages of the grievance procedure. (Ex. B, at 4-5.)  At the arbitration, the Union argued that "Acevedo was not discharged because of the misconduct cited by the Employer, but in retaliation for his complaints of ongoing harassment by co-workers." (*Id*. at 6.)  The Union sought Plaintiff's reinstatement, and that Plaintiff "be made whole for all pay and benefits lost as a consequence of his discharge." (*Id*. at 2.)  "[B]oth parties were afforded a full opportunity to introduce evidence and present argument in support of their respective position." (*Id*. at 5.)  Plaintiff and Drazhi, who was Harvard's Account

Manager at the premises where Plaintiff worked, were among the witnesses who testified at the hearing. (*See Id*. at 3, 7.)  After hearing the evidence and arguments, the Arbitrator concluded that Harvard had just cause to dismiss Acevedo for misconduct. (*Id*. at 7-8.)  The Arbitrator also found the Union's claim that the alleged misconduct was a pretext for his discharge to be "unsupported by the evidence." (*Id.* at 8.)  Specifically, the Arbitrator stated, "[e]ven crediting Acevedo's complaints of harassment, I am not persuaded that it motivated the Employer's decision to discharge him.  In fact, he does not even attribute that motive to the Employer." (*Id*.)  Thus, the previous action involved an adjudication on the merits and satisfies the first prong of the *res judicata* claim preclusion test.

The second prong, which requires privity amongst the parties to the arbitration and those in this subsequently filed action, is also satisfied.  "[L]iteral privity is not a requirement for *res judicata* to apply.  Instead, a party will be bound by the previous judgment if his 'interests were adequately represented by another vested with the authority of representation." *Pierre v. Lieberman*, No. 16 Civ. 5473 (GBD) (HPB), 2017 WL 9565660, at *6 (S.D.N.Y. June 14, 2017). "In the context of labor unions and grievances filed on behalf of union members pursuant to collective bargaining agreements, the union is in privity with the member provided that the member 'belonged to the [union] at all relevant times,' and the union was 'the sole and exclusive collective bargaining representative [for its members.]'" *Cox*, 2017 WL 3049547, at *4 (alterations in original) (quoting *Monahan*, 214 F. 3d at 285).  Plaintiff was a member of the Union at all times during his employment and the Agreement specifically states, "[t]he Union is recognized as the exclusive collective bargaining representative of all classifications of service employees" in any facility in New York City. (Ex. A, at Article II, ¶ 1.)

Although Defendant Drazhi was not a named Defendant in the arbitration, privity still exists and the claims against Drazhi are equally barred by *res judicata*.   "[E]mployees in supervisory roles and attorneys of a party have been found to be in privity with their employers or client for purposes of the *res judicata* analysis." *Pierre*, 2017 WL 9565660, at *6 (citation omitted); *see also Powers v. City of New York*, No. 04-CV-02246 (NGG), 2007 WL 1026407, at *5, n. 1 (E.D.N.Y. Mar. 30, 2007) (finding individual defendants who had not been named in the prior litigation but who were supervisory employees of the defendant to be parties in privity). "Privity may also be found where the claims in the prior action and the subsequent action are identical, the same witnesses, facts and legal theories are involved, and the first action did not involve any defense unique to those parties." *Sweeper v. Tavera*, No. 08 Civ. 6372 (HB), 2009 WL 2999702, at *4 (S.D.N.Y. Sept. 21, 2009) (citation omitted) (finding sufficient privity when individual defendants' interests were adequately represented by the party who would have been liable in the original action).  As already discussed, Drazhi was in a supervisory role as Harvard's Account Manager at the premises where Plaintiff was employed and was a witness at the arbitration hearing where the same facts, legal theories and defenses were presented.[2] (*See* Ex. B.)

The third prong of the *res judicata* test is satisfied because the claims raised in the Complaint are duplicative of those raised during arbitration as they are based on a substantially identical factual predicate. *Lobban*, 345 F. Supp. at 3d 345 ("While the Union did not explicitly tie the claim to the statutes under which Plaintiff seeks redress here, the claim was based on a substantially identical factual predicate, and thus, the claims are deemed to be duplicative for purposes of *res judicata*.").  In his Complaint, Plaintiff alleges he was harassed and retaliated

---

[2] The Title VII and ADEA claims against Drazhi should also be dismissed because these statutes do not impose individual liability.  *Lore v. City of Syracuse*, 670 F.3d 127, 144 (2d Cir. 2012); *Dietrich v. City of N.Y.*, 18 CV 7544 (CM), 2019 WL 2236585, at *5 (S.D.N.Y. May 16, 2019).

against for filing complaints of discrimination. (Complaint at 5). The only adverse employment action Plaintiff alleges to have suffered is the termination of his employment. (*See Id*. at 6.) This issue was already adjudicated through arbitration and the Arbitrator found, "on the evidence presented, I am convinced that Acevedo's discharge resulted solely from his misconduct on December 14, 2018." (Ex. B, at 9.) Plaintiff also seeks damages in this action which were previously sought in the arbitration—namely, pay and benefits lost as a result of his termination. (*See* Complaint at 5; Ex. B, at 2.) In denying the grievance, the Arbitrator already determined that Plaintiff is not entitled to these damages.

Moreover, "[a] litigant must bring all claims arising out of a set of 'underlying facts…related in time, space, origin or motivation…form[ing] a convenient trial unit, and [whose] treatment as a unit conforms to the parties' expectations or business understanding or usage." *Cox*, 2017 WL 3049547, at *5 (alterations in original) (quoting *Pike*, 266 F. 3d at 91). The claims in this action arise out of the same underlying facts as those presented in the arbitration—specifically, the circumstances surrounding Plaintiff's termination. Thus, to the extent that Plaintiff alleges that any of his claims were not raised in the prior proceeding, he could have and should have raised them in the arbitration. *Id*. (applying *res judicata* to bar claims which were not discussed in the arbitration award and which could have been raised, if they were not, during the arbitration).[3]

---

[3] Plaintiff's age discrimination claim should also be dismissed because he fails to plausibly allege *any* facts indicating that age was the "but-for" cause of an adverse employment action. *Marcus v. Leviton Mfg Co.*, 661 F. App'x 29, 31-32 ("A plaintiff must plead facts that give 'plausible support to a minimal inference' of the requisite discriminatory causality.") (citation omitted); *Bohnet v. Valley Stream Union Free Sch. Dist. 13*, 30 F. Supp. 3d 174, 180-81 (E.D.N.Y. 2014) (dismissing age discrimination claim where allegations were conclusory and lacked specificity). Moreover, Plaintiff cannot establish a claim for age discrimination based on "seniority" or "pay rate." *Criley v. Delta Air Lines, Inc.*, 119 F.3d 102, 105 (2d Cir. 1997) ("[A]n employer's concern about the economic consequences of employment decisions does not constitute age discrimination under the ADEA, even though there may be a correlation with age.").

Because the claims in the Complaint and the prior arbitration involved the same parties or those in privity to them, and were either adjudicated on the merits or could have been raised during the prior action, Plaintiff's claims should be dismissed in their entirety. *See Lobban*, 345 F. Supp. at 345-46 (dismissing claims arising out of plaintiff's termination as barred by *res judicata* when an arbitrator decided that just cause existed for plaintiff's termination and that the termination was not the result of retaliation).

## III.   PLAINTIFF'S NYCHRL CLAIMS ARE ALSO BARRED BECAUSE HE ELECTED TO PURSUE THOSE CLAIMS BEFORE THE NYSDHR, WHICH ISSUED A "NO PROBABLE CAUSE" FINDING.

Plaintiff's NYCHRL claims should also be dismissed pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff elected to pursue these claims before the NYSDHR.   "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Rochester v. Fortune Soc'y*, No. 16 Civ. 9423 (PGG), 2018 WL 4574886, at * 3 (S.D.N.Y. Sept. 4, 2018) (quoting *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)).   In resolving a motion to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists, and the Court may consider evidence outside of the pleadings in making its determination. *Id.*

The New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 296 *et. seq.*, and the NYCHRL provide that an individual waives his or her right to sue in court by filing a complaint with the NYSDHR.   The applicable provision of the NYSHRL states:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction…*unless such person has filed a complaint hereunder or with any local commission on human rights*…provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint has been filed with the division.

N.Y. Exec. Law § 297(9) (emphasis added).  Similarly, the NYCHRL states:

> Except as otherwise provided by law, any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title or by any act of discriminatory harassment or violence as set forth in chapter six of this title shall have a cause of action in any court of competent jurisdiction…*unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence.*

N.Y.C. Admin. Code § 8-502(a) (emphasis added).  Accordingly, NYSHRL and NYCHRL claims brought before the NYSDHR "may not be brought again as a plenary action in another court." *York v. Ass'n of Bar of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002).

The election of remedies bar applies in federal as well as state court, and "precludes consideration of any claim—whether brought under the NYSHRL or the NYCHRL—arising out of the same incident on which [plaintiff's NYSDHR] complaint was based." *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 187-88 (S.D.N.Y. 2011).  "Claims need not be identical in order to be barred by the state or city election of remedies provisions.  A '[c]laimant cannot avoid the jurisdictional bar by merely adding additional elements of damage arising out of the same underlying conduct [or] changing his legal theory.'" *Rosario v. N.Y.C. Dep't of Educ.*, No 10 Civ. 6160(DLC), 2011 WL 1465763, at *2 (S.D.N.Y. Apr. 15, 2011) (citations omitted).  Claims are barred if they "are based on the same operative events [] presented to the [NY]SDHR." *Higgins*, 836 F. Supp. 2d at 189.

Plaintiff filed a complaint with the NYSDHR on December 20, 2018 alleging that Harvard had unlawfully discriminated against him on account of his age, marital status, national origin, race/color, sexual orientation, and opposed discrimination/retaliation in violation of the NYSHRL. (Ex. C, at 1.)  The NYSDHR investigated Plaintiff's claims of harassment and wrongful termination and determined that there was no probable cause to believe Harvard had engaged in

or was engaging in any of the unlawful discriminatory practices Plaintiff complains of in this action. (*Id*. at 1.)  Specifically, the NYSDHR determined that "[t]here is a lack of evidence in support of [Plaintiff's] allegation of employment discrimination based on age (52), race/color (Hispanic), national origin (Puerto Rican), marital status (single), sexual orientation (heterosexual) and opposed discrimination/retaliation." (*Id*. at 1.)  The NYSDHR also found that "[Plaintiff's] age, race/color, marital status, national origin, sexual orientation and or prior discrimination complaint[4] were not factors in [Plaintiff's] termination."  (*Id*. at 2.)

After pursuing his claims before the NYSDHR, Plaintiff cannot avoid the election of remedies bar by restyling his substantively identical claims as violations of the NYCHRL rather than the NYSHRL. *Rosario*, 2011 WL 1465763, at *2 ("'Attempts to recover for [the same] injuries under…slightly different labels' are subject to dismissal.") (quoting *Horowitz v. Aetna Life Ins.*, 148 A.D.2d 584, 584 (2d Dep't 1989)).  Plaintiff's claims in this action arise out of the same operative facts as those considered by the NYSDHR—namely, the circumstances surrounding Plaintiff's termination.  Thus, Plaintiff's NYCHRL claims should be dismissed pursuant to F.R.C.P. 12(b)(1) as barred by the election of remedies doctrine. *Rochester*, 2018 WL 4574886, at * 3 (dismissing NYSHRL and NYCHRL claims based on filing of complaint with NYSDHR); *Son v. Greenland & Grocery, Inc*., No. 11 Civ. 9533 (PGG), 2013 WL 12084500, at *6 (S.D.N.Y. Mar. 11, 2013) (dismissing NYSHRL and NYCHRL claims, including claims arising out of the same operative facts but not previously raised in the NYSDHR proceeding).

---

[4] Plaintiff had previously filed a complaint with the NYSDHR on July 18, 2018, in which he alleged that Harvard had unlawfully discriminated against him based on age and race/color in violation of the NYSHRL and that disciplinary action taken against him was unwarranted. (*See* Ex. D, at 1.) The NYSDHR found that there was no probable cause to believe Harvard engaged in unlawful discriminatory conduct and that "Complainant's claims were unsupported by evidence and are mere conclusory statements" and that "age, and race/color were not factors in Complainant's suspension." (*Id*. at 2.)

## IV.   PLAINTIFF'S ALLEGATIONS CONCERNING HIS TERMINATION FROM A SUBSEQUENT EMPLOYER FAIL TO STATE A CLAIM FOR RELIEF AGAINST DEFENDANTS.

Dismissal of a complaint is warranted pursuant to F.R.C.P. 12(b)(6) when the factual allegations (taken as true for purposes of the motion) do not assert a claim for relief that is plausible on its face.  *See Bell Atl. Corp.*, 550 U.S. at 555-56; *Boykin*, 521 F.3d at 212.  While *pro se* pleadings generally receive a liberal reading, they must contain sufficient factual allegations to meet the plausibility standard. *See, e.g., Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *McEachin v. McGuinnis*, 357 F.3d 197, 200-01 (2d. Cir. 2004).  A *pro se* complaint that "lacks an allegation regarding an element necessary to obtain relief" should be dismissed. *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (citation omitted).

Plaintiff alleges he was terminated from a subsequent, unnamed employer as a result of the outcome of the arbitration. (Complaint at 5.)  Even assuming this allegation is true, Defendants cannot be held liable for the actions of that subsequent employer.  Title VII, the ADEA and the NYCHRL prohibit *employment* discrimination, which makes the existence of an employee-employer relationship a primary element of claims under those statutes. *See Harris v. NYU Langone Med. Ctr.*, No. 12 Civ. 0454 (RA)(JLC), 2013 WL 3487032, at *22 (S.D.N.Y. July 9, 2013) (dismissing Title VII and NYCHRL claims where plaintiff failed to establish an employee-employer relationship), *report and recommendation adopted as modified*, No. 12 Civ, 0454 (RA), 2013 WL 5425336 (S.D.N.Y. Sept. 27, 2013); *Yacklon v. East Irondequoit Centr. Sch. Dist*, 733 F. Supp. 2d 385, 388 (W.D.N.Y. 2010) ("An entity that is not the plaintiff's employer [] cannot be held liable under the ADEA.") (citation omitted).  Thus, any claims arising out of Plaintiff's termination from a subsequent employer should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss the Complaint in its entirety, with prejudice, along with such other and further relief as this Court deems just and proper.  If this Court is not inclined to dismiss Plaintiff's Complaint with prejudice in its entirety based on the arguments set forth above, it should issue an order pursuant to the FAA compelling arbitration.


Dated:  May 4, 2020                                     EPSTEIN BECKER & GREEN, P.C.

                                                      *s/John F. Fullerton III*
                                                      John F. Fullerton III
                                                      Jennifer R. O'Connor
                                                      875 Third Avenue
                                                      New York, NY 10022
                                                      Tel: 212.351.4500
                                                      jfullerton@ebglaw.com
                                                      jeoconnor@ebglaw.com

                                                      *Attorneys for Defendants*
                                                      *Harvard & Servete Drazhi*