USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/31/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Marcos Acevedo,

Plaintiff,

–v–

Harvard Maintenance Co., et al.,

Defendants.

20-cv-721 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

*Pro se* Plaintiff Marcos Acevedo brings this employment discrimination action against Defendants Harvard Maintenance Co. and Servete Drazhi.[1] Now before the Court is Defendants' unopposed motion to dismiss the complaint. For the reasons set forth below, Defendants' motion is GRANTED in part.

## I. BACKGROUND

### A. Factual Background

The Court begins by providing the factual and procedural background leading to this motion to dismiss. For the purpose of evaluating this motion to dismiss, all plausible allegations in the amended complaint are accepted as true, and all reasonable inferences are drawn in Plaintiff's favor. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). Further, because Mr. Acevedo is proceeding *pro se*, the Court reads his papers "liberally" and

[1] The Plaintiff's complaint names Harvard Maintenance Co. and "Servette Draztti" as the defendants, but in their brief in support of their motion to dismiss, the Defendants insist that the proper name of the company is Harvard Maintenance, Inc. and the proper name of the individual defendant is "Servete Drazhi." *See* Dkt. No. 16 at 1. For purposes of resolving Defendants' motion, the Court will refer to the company as "Harvard Maintenance" and the individual defendant as "Drazhi."

"interpret[s] them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). The facts in this section are taken from the Complaint and from documents of which the Court can properly take judicial notice at this stage, including matters of public record. *See Johnson v. City of New York*, No. 12-CV-4431 (KPF), 2013 WL 6171937, at *1 (S.D.N.Y. Nov. 25, 2013).

Plaintiff Marcos Acevedo worked for Harvard Maintenance from 2017 was employed as a porter by Harvard from 2017 until his employment was terminated in December 2018. *See* Dkt. No. 2 ("Compl.") at 3, 5, 11. On July 18, 2018, Plaintiff filed a complaint with the New York State Division of Human Rights (NYSDHR) charging Harvard Maintenance with an unlawful discriminatory practice relating to employment because of age, and race/color in violation of the New York State Human Rights Law. *See* Dkt. No. 15-6 at 1–2.[2] After investigating and reviewing the information and evidence, the NYSDHR concluded that there was "NO PROBABLE CAUSE to believe that the Respondent has engaged in or is engaging in the unlawful discriminatory practice complained of." *Id.* at 1.

On December 13, 2018, Plaintiff was at work when a co-worker insulted him in Spanish. *Id.* at 11. He reported the incident to his supervisor, Defendant Servete Drazhi, and to Local 32BJ, SEIU, his union. *Id.* The next day, Plaintiff was handed a Christmas bonus check. *Id.* He rejected the check, saying that he did not feel appreciated by his employer. *Id.* Drazhi took Plaintiff aside and asked him why he didn't take the check. *Id.* He told her that over the years, he had been harassed by "Taconic Managements Building Security (Allied Universal Security),"

[2] While this filing was neither attached to nor incorporated into the Complaint, the Court may take judicial notice of it on the basis that it is a public record. *See Evans v. New York Botanical Garden*, No. 02-CV-3591 (RWS), 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002) (noting that "[a] court may take judicial notice of the records of state administrative procedures, as these are public records" and taking judicial notice of NYSDHR proceedings and filings).

and he indicated that his "supervisors, painters, and coworkers" at Harvard Maintenance also harassed him in order to "get rid of [him]." *Id.* Plaintiff was fired in December 2018. *Id.* at 3, 5.

Plaintiff then filed a complaint with the NYSDHR on December 20, 2018 alleging that Harvard Maintenance unlawfully discriminated against him on the basis of his age, marital status, race, sexual orientation, and retaliated against him in violation of the NYSHRL. *See* Dkt. No 15-5 at 1.[3] After investigating, the NYSHDR rejected Plaintiff's claim, finding that there was a lack of evidence in support of Plaintiff's employment discrimination claim on the basis of age, race, national origin, marital status, or sexual orientation and concluding that none of those characteristics were factors in Plaintiff's termination. *Id.* at 1–2.

**B. Procedural Background**

Plaintiff filed this lawsuit on January 4, 2020. *See* Dkt. No. 2. On May 4, 2020, Defendants filed the present motion to dismiss. Dkt. No. 14. Along with their motion to dismiss, Defendants filed a declaration with a number of documents, including an arbitration agreement and the NYSDHR orders described above, *see* Dkt. No. 15; their memorandum of law in support of their motion to dismiss, *see* Dkt. No. 16 ("Def. Br."); and a notice pursuant to Local Rule 12.1, which advised the Plaintiff that the Court may convert the present motion into a motion for summary judgment, *see* Dkt. No. 17. The Court subsequently notified Plaintiff that he could amend his Complaint and explained that failure to do so could constitute a waiver to fix any deficiencies made apparent by the Defendants' briefing. Dkt. No. 19. The Court then twice extended *sua sponte* Plaintiff's time to respond to the motion to dismiss, warning Plaintiff of the

[3] As above, the Court takes judicial notice of this document on the basis that it is a public record. *See Evans*, 2002 WL 31002814, at *4.

consequences of failing to oppose Defendants' motion. Dkt. Nos. 23, 24. On September 11, 2020, Plaintiff wrote to the Court requesting an extension until March 2021 to serve his opposition. Dkt. No. 25. The Court concluded that such a long extension was unwarranted, but in deference to Plaintiff's *pro se* status extended the deadline to respond to the motion until November 11, 2020. Dkt. No. 26. In doing so, the Court again warned Plaintiff that failure to submit his opposition by that time would result in the Court deeming Defendants' motion unopposed. *Id.* As of today, the Court has not received an opposition to the motion to dismiss from Plaintiff.

## II. LEGAL STANDARD

Although Plaintiff has not opposed the Defendant's motion, that failure alone is not grounds for dismissal; "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). The Court must therefore evaluate Plaintiff's complaint and determine whether it survives the Defendant's motion. Because Plaintiff is proceeding *pro se*, his submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

A Rule 12(b)(1) motion is a threshold challenge to this Court's subject-matter jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). When resolving a Rule 12(b)(1) motion, "[t]he court must take all facts

alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (citations and internal quotation marks omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also Whitmore v. Ark*, 495 U.S. 149, 154 (1990) ("It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."). "[U]nder Rule 12(b)(1), [a court is] permitted to rely on non-conclusory, non-hearsay statements outside the pleadings." *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013). And "a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient." *Frisone v. Pepsico Inc.*, 369 F. Supp. 2d 464, 469 (S.D.N.Y. 2005) (citation omitted). *See also Lleshi v. Kerry*, 127 F. Supp. 3d 196, 199 (S.D.N.Y. 2015).

To survive a motion to dismiss under Rule 12(b)(6), meanwhile, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While well-pleaded factual allegations must be accepted as true, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, in assessing whether a pleading states a plausible claim to relief, courts disregard legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Because the Court deems it proper to convert Defendants' motion into one for summary judgment on the Title VII claim against Harvard Maintenance, it applies the summary judgment standard. Summary judgment shall be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, a court views all evidence in the light most favorable to the non-movant, *Overton v. NY. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and "resolve[s] all ambiguities and draw[s] all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

## III. DISCUSSION

Plaintiff asserts that Defendants discriminated against him on several grounds, including race, age, and sexual orientation. He also alleges retaliation. He brings his claims under Title VII, the ADEA, and the NYCHRL. *See* Compl. at 3. For the reasons that follow, the Court dismisses the NYCHRL and the ADEA claims against both Defendants, and the Title VII claim as to Defendant Drazhi.

### A. The Court lacks subject matter jurisdiction over Plaintiff's NYCHRL claim

Defendants argue that the Court lacks jurisdiction over Plaintiff's NYCHRL claim because the Plaintiff filed an administrative complaint with the NYSDHR and that, as a result, the election of remedies provision in the NYCHRL precludes Plaintiff from now bringing a NYCHRL claim in this Court.

Section 8–502(a) of the NYCHRL provides in relevant part that "any person claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction . . . unless such person has filed a complaint with the . . . state division of human rights with respect to such alleged unlawful discriminatory practice." N.Y.C. Admin. Code § 8–502(a). The election of remedies provision of the NYCHRL "precludes consideration of any claim—whether brought under the NYSHRL or the NYCHRL—arising out of the same incident on which [plaintiff's NYSDHR] complaint was based." *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 188 (S.D.N.Y. 2011). "Claims need not be identical in order to be barred by the state or city election of remedies provisions." *Rosario v. New York City Dep't of Educ.*, No. 10-CV-6160 (DLC), 2011 WL 1465763, at *2 (S.D.N.Y. Apr. 15, 2011) (citing *Bhagalia v. State*, 644 N.Y.S.2d 398, 399 (App. Div. 1996)). That is, a "[c]laimant cannot avoid the jurisdictional bar by merely adding additional elements of damage arising out of the same underlying conduct [or] by changing his legal theory." *Id.* (citing *Bhagalia*, 644 N.Y.S. 2d at 399). Instead, the question is "whether a sufficient identity of issue exists between the complaint before the division and the instant claim." *Id.* (citing *Spoon v. Am. Agriculturalist, Inc.*, 478 N.Y.S.2d 174, 175 (App. Div. 1984)).

The election of remedies provision of the NYCHRL strips this Court of jurisdiction over Plaintiff's claim. Plaintiff filed a complaint with the NYSDHR on December 20, 2018 alleging that Harvard Maintenance unlawfully discriminated against him on the basis of his age, marital status, race, sexual orientation, and retaliation in violation of the NYSHRL. *See* Dkt. No. 15, Fullerton Decl., Ex. C, at 1. After investigating, the NYSHDR rejected Plaintiff's claim, finding that there was a lack of evidence in support of Plaintiff's employment discrimination claim on

the basis of age, race, national origin, marital status, or sexual orientation and concluding that none of those characteristics were factors in Plaintiff's termination. *Id.* at 1–2.

At a minimum, even drawing all inferences in Plaintiff's favor and construing his pleadings liberally, the facts underlying the present Complaint arise from the operative facts that he previously presented to the NYSDHR. They focus in particular on his discrimination claims stemming from his employment at Harvard Maintenance—including, as relevant here, his claim that he was discriminated against on the basis of race and age and his claim that he was retaliated against. *See* Compl. at 3, 5; *see also* Dkt. No 15-5 at 1–2. Because the underlying facts of his claim are "almost identical" to those alleged in this case, the election of remedies provision of the NYCHRL strips this Court of jurisdiction. *See Rosario*, 2011 WL 1465763, at *2; *Higgins*, 836 F. Supp. 2d at 187–88; *Son v. Greenland & Grocery, Inc.*, No. 11-CV-9533 (PGG), 2013 WL 12084500, at *6 (S.D.N.Y. Mar. 11, 2013).

Accordingly, the NYCHRL claim is DISMISSED with prejudice for lack of jurisdiction.

**B. The federal claims against Defendant Drazhi are dismissed**

Defendants also assert that the Title VII and ADEA claims against Drazhi should be dismissed on the basis that neither of those statutes impose individual liability. This Court agrees and dismisses them accordingly.

The Second Circuit has held that "individuals are not subject to liability under Title VII." *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004) (citing *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam)). Along similar lines, "courts in this circuit have long found that the ADEA does not impose liability on individuals." *Adams v. Equinox Holdings, Inc.*, No. 19-CV-8461 (AJN), 2020 WL 5768921, at *3 (S.D.N.Y. Sept. 28, 2020); *see also Wang v. Palmisano*, 51 F. Supp. 3d 521, 537 (S.D.N.Y. 2014) (collecting cases). In line

with this, the Court concludes that Acevedo has not stated a claim upon which relief can be granted under either statute against Drazhi. Thus, Plaintiff's Title VII and ADEA claims against Drazhi are DISMISSED with prejudice.

**C. ADEA claim against Harvard Maintenance**

Defendants also move to dismiss the ADEA claim against Harvard Maintenance on the basis that Plaintiff fails to plausibly allege any facts indicating that age was the "but-for" cause of an adverse employment action. *See* Def. Br. at 12 n.3. To state a discrimination claim under the ADEA, a plaintiff must establish that "(1) she was within the protected group of employees (those over age 40); (2) she was qualified for the position in question; (3) she experienced an adverse employment action; and (4) that action occurred under circumstances giving rise to an inference of discrimination." *Trachtenberg*, 937 F. Supp. 2d at 466–67 (citing *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012). Disparate claims under the ADEA are analyzed under the burden-shifting scheme adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "To survive a Rule 12(b)(6) motion to dismiss, a plaintiff asserting an employment discrimination complaint under the ADEA must plausibly allege that adverse action was taken against her by her employer, [] that her age was the 'but-for' cause of the adverse action," and a plaintiff "must supply sufficient factual material, and not just legal conclusions, to push the misconduct alleged in the pleading beyond the realm of the 'conceivable' to the 'plausible.'" *Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 31–32 (2d Cir. 2016) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84, 87 (2d Cir. 2015)). "[T]he facts required by *Iqbal* . . . need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015).

Even under this standard, Plaintiff's age discrimination claim fails. The Complaint is devoid of any non-conclusory allegations of age discrimination. *See generally* Compl. Plaintiff points to no adverse actions that were taken as a result of his age, and he provides no basis to support even a minimal inference of discriminatory motivation on the basis of age. He points to no facts that support any discriminatory motive on this basis, and he fails to allege any facts to support that younger employees were treated more favorably. *Cf. Lopez v. New York City Dep't of Educ.*, No. 17-CV-9205 (RA), 2020 WL 4340947, at *9 (S.D.N.Y. July 28, 2020). Even drawing all reasonable inferences in Plaintiff's favor, the wholly conclusory assertions in the Complaint fail to provide any support for Plaintiff's age discrimination claim. Accordingly, the ADEA claim against Harvard Maintenance are DISMISSED with prejudice.

**D. Title VII claim against Harvard Maintenance**

In their motion to dismiss the Title VII claim against Harvard Maintenance, Defendants rely only on the argument that the doctrine of *res judicata* bars Plaintiff from pursuing this claim. They argue that the Collective Bargaining Agreement that governs Plaintiff's employment relationship with Harvard Maintenance required arbitration of statutory discrimination claims; that the arbitration was final and binding; that an arbitrator heard Plaintiff's claims; and that Plaintiff either raised or could have raised the claims at issue here during that arbitration. *See* Def. Br. at 4–13. In support of their motion for dismissal, Defendants point to the Collective Bargaining Agreement and the arbitration award. *See id.* at 8–9. And they argue that the Court may take judicial notice of those documents. *Id.* They separately argue that because Plaintiff referenced the outcome of the arbitration in the Complaint, the decision and award "may be properly considered by the Court." *Id.* (citing Compl. at 5).

**1. Conversion to a Motion for Summary Judgment**

As a threshold matter, "Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment." *Kopec v. Coughlin,* 922 F.2d 152, 154–55 (2d Cir. 1991) (quoting *Fonte v. Board of Managers of Continental Towers Condominium,* 848 F.2d 24, 25 (2d Cir.1988)) (internal quotation marks omitted). Under Rule 12(b), the "complaint includes . . . any statements or documents incorporated into it by reference." *Paulemon v. Tobin,* 30 F.3d 307, 308–09 (2d Cir. 1994). And "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002). In addition, the Court may "take judicial notice of a fact outside of the pleadings provided that the fact can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Cox v. Perfect Bldg. Maint. Corp.*, No. 16-CV-7474 (VEC), 2017 WL 3049547, at *3 (S.D.N.Y. July 18, 2017) (quoting Fed. R. Evid. 201(b)). *See also Caldarera v. Int'l Longshoremen's Ass'n, Local 1*, 765 F. App'x 483, 485 n.2 (2d Cir. 2019). Plaintiff's single reference to the arbitration proceeding is not enough to deem the arbitration award "incorporated by reference." *See Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989) (noting that it was not enough that the amended complaint discussed certain documents and presented short quotations from them because "[l]imited quotation does not constitute incorporation by reference." (citation omitted)).

The question is thus whether the Court can take judicial notice of the arbitration award and the CBA, as Defendants contend. In a case involving a motion to dismiss predicated on a mandatory arbitration provision, the Second Circuit admonished that "[i]f the district court is

going to rely on [] extrinsic materials, the proper course is to convert the motion to a motion for summary judgment dismissing the case in favor of arbitration, after providing notice to the parties and an opportunity to be heard." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016). In doing so, the Court of Appeals noted that if "there is a dispute as to the relevance, authenticity, or accuracy of the [extrinsic] documents relied upon, the district court may not dismiss the complaint with those materials in mind." *Id.* The Court recognizes that some district courts in this Circuit have taken judicial notice of arbitration awards and collective bargaining agreements when considering a motion to dismiss. *See, e.g.*, *Cox v. Perfect Bldg. Maint. Corp*., No. 16-CV-7474 (VEC), 2017 WL 3049547, at *3 (S.D.N.Y. July 18, 2017); *Crawley v. Macy's Retail Holdings, Inc.*, No. 15-CV-2228 (KPF), 2016 WL 6993777, at *1 n.2 (S.D.N.Y. Nov. 29, 2016); *Charles Schwab & Co. v. Retrophin, Inc.*, No. 14-CV-4294 (ER), 2015 WL 5729498, at *7 (S.D.N.Y. Sept. 30, 2015). But it declines to do so because it concludes that it would be inappropriate for the Court to consider the CBA in deciding Defendants' Rule 12(b)(6) motion. *See, e.g., Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 202–03 (2d Cir. 2013) (district court erred in dismissing common law claims based on preclusive terms of collective bargaining agreements that were not referenced in the complaints but were submitted with defendants' motion papers); *see also id.* at 203 (specifically rejecting argument that "[p]laintiffs were responsible for pleading the CBAs in the complaints").

As noted, in order to consider extrinsic materials, the Court may also convert the motion to one for summary judgment. Converting a motion to dismiss to one for summary judgment is proper so long as the opposing party is given proper notice of the conversion. *McCoy v. Goord*, 255 F.Supp.2d 233, 251 (S.D.N.Y. 2003) (Chin, J.) (citing *Villante v. Dep't of Corr. of City of New York*, 786 F.2d 516, 521 (2d Cir. 1986)). In doing so, "care should, of course, be taken by

the district court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law." *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 69–70 (2d Cir. 2008) (cleaned up).

Pursuant to Local Rule 12.1, the Defendant provided Plaintiff with notice that the Court might treat the Defendant's motion to dismiss pursuant to Rule 12(b)(6) as a motion for summary judgment. *See, e.g., Hernandez v. Coffey,* 582 F.3d 303, 308 n.2 (2d Cir. 2009) (citing cases finding that a Local Rule 12.1 Notice provides sufficient notice to *pro se* parties). That notice explains, in relevant part, that in moving to dismiss the complaint under Rule 12(b), the Defendant has "presented to the Court matters which may be regarded by the Court as outside the pleading. If so regarded, the Court may treat the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. If the motion is treated by the Court as one for summary judgment, this means that the defendants have asked the court to decide the case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your own sworn affidavits or other papers as required by Rule 56(e)." Dkt. No. 17 (emphasis in original). The rest of the notice explains the burdens of a party opposing summary judgment. *Id.*

Despite receiving that notice, Plaintiff "has allowed [over] six months to pass without availing himself of the opportunity to oppose the [Defendant's] pending motion." *Simon v. Campos*, No. 09-CV-6231 (PKC), 2010 WL 1946871, at *4–5 (S.D.N.Y. May 10, 2010). The Court thus concludes that Plaintiff had adequate notice to respond and that he was put on notice as to the possible consequences of not doing so.

**2. The Collective Bargaining Agreement covers statutory discrimination claims**

For an arbitration award to preclude a subsequent statutory discrimination claim, the collective-bargaining agreement's arbitration provision must expressly cover statutory discrimination claims. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 264 (2009). The Court agrees with Defendants that the CBA covers statutory discrimination claims.

"Federal courts have repeatedly upheld the validity of arbitration provisions that 'clearly and unmistakably require[] union members to arbitrate [statutory anti-discrimination] claims.'" *Cox*, 2017 WL 3049547, at *3 (citing *Pyett*, 556 U.S. at 274) (alterations in original). For a mandatory arbitration provision to encompass statutory discrimination claims, the wording must not be susceptible to a contrary reading. *Lawrence v. Sol G. Atlas Realty Co.*, 841 F.3d 81, 83 (2d Cir. 2016). As a general matter, such a clear and unmistakable waiver will be found when one of two circumstances is present: "(1) the arbitration clause contains a provision that explicitly provides that all causes of action arising out of the employee's employment shall be submitted to arbitration; or (2) the arbitration clause specifically references or incorporates the relevant statutes into the agreement to arbitrate." *Cox*, 2017 WL 3049547, at *4 (citing *Lawrence*, 841 F.3d at 84).

The CBA here does both. First, it provides that "all such claims" are subject to the contractual grievance and arbitration procedure "as the sole and exclusive remedy," and it requires that arbitrators "apply appropriate law in rendering decisions based upon claims of discrimination." Dkt. No. 15, Fullerton Decl., Ex. A, CBA, Article XIII ¶ 30. Second, it expressly prohibits discrimination, specifically citing claims brought under Title VII, the ADEA, and state and local law. *Id.* These provisions constitute a "clear and unmistakable waiver" because they compel statutory claims to be arbitrated and both incorporate and specifically name

the antidiscrimination statutes that form the basis of Plaintiff's claims here. *Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp. 3d 334, 348 (S.D.N.Y. 2018). As a result, the CBA clearly requires arbitration of her statutory discrimination claims, and the arbitration award can preclude Plaintiff's federal antidiscrimination suit. *See Cox*, 2017 WL 3049547, at *4.

**3. Res Judicata**

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Such a claim has three elements; to prove the affirmative defense of *res judicata*, a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). Res judicata applies to issues resolved by arbitration "where there has been a final determination on the merits." *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 267–68 (2d Cir. 1997).

At least as it relates to Plaintiff's claims relating to retaliation and the circumstances surrounding his termination, all three elements are satisfied here. *First*, the arbitration was an adjudication on the merits of Plaintiff's claims, at least as they relate to the circumstances surrounding his termination. *See Monahan*, 214 F.3d at 285. As reflected in the Complaint, Plaintiff used the Union's grievance procedure to report his claims of wrongful termination and harassment. Compl. at 11. The Union pursued Plaintiff's claims as to the wrongful termination on his behalf. Dkt. No. 15, Fullerton Decl., Ex. B, at 4–5. At the arbitration, the Union argued that Defendant's reason for terminating Plaintiff was pretextual and that Plaintiff was fired in retaliation for his complaints of ongoing harassment; it also sought his reinstatement and sought

that Plaintiff "be made whole" for the pay and benefits he lost as a result of his discharge. *Id.* at 2, 6. Both parties "were afforded a full opportunity to introduce evidence and present arguments in support of their respective position." *Id.* at 5. Plaintiff was among those who testified at that hearing. *Id.* at 3, 7. Only after hearing the parties' arguments and reviewing the evidence presented to him did the arbitrator conclude that Harvard Maintenance had just cause to dismiss Plaintiff. *Id.* at 7–8. In doing so, the arbitrator also considered the claim that the misconduct was a pretext for his discharge to be "unsupported by the evidence." *Id.* at 8. That decision, rooted in a thorough consideration of the evidence, was a final adjudication on the merits of Plaintiff's complaint regarding his termination.

*Second*, the parties in this case were either directly involved in the arbitration or in privity with the parties to the arbitration. *See Monahan*, 214 F.3d at 285. Harvard Maintenance was a party to the arbitration. Dkt. No. 15, Fullerton Decl., Ex. B, at 1. The Union, meanwhile, was in privity with Plaintiff, for Plaintiff's "interests were adequately represented by another vested with the authority of representation." *Alpert's Newspaper Delivery, Inc. v. The New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989); *see also Monahan*, 214 F.3d at 285. "In the context of labor unions and grievances filed on behalf of union members pursuant to collective bargaining agreements, the union is in privity with the member provided that the member 'belonged to the [union] at all relevant times,' and the union was 'the sole and exclusive collective bargaining representative [for its members].'" *Cox*, 2017 WL 3049547, at *4 (quoting *Monahan*, 214 F.3d at 285). Here, Plaintiff was a member of the Union at all relevant times. *See* Compl. at 9, 11–12. And under the terms of the CBA, the Union is "the exclusive collective bargaining representative of all classifications of service employees" in any facility in New York City. Dkt. No. 15, Ex. A, CBA, at Article II ¶ 1. Thus, the second prong is satisfied.

*Third*, all of the claims arising out of or relating to Plaintiff's termination were, or should have been, raised in the prior action. *See Monahan*, 214 F.3d at 285. On this point, "the question is whether the claim was sufficiently related to the claims that were asserted in the first proceeding that it *should have been* asserted in that proceeding." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (emphasis added). As to the termination and retaliation aspects of Plaintiff's claims, those issues were expressly adjudicated at the arbitration proceeding. There, the Union argued that Plaintiff's termination lacked just cause and that he was fired in retaliation for his complaints of harassment. *See* Dkt. No. 15, Fullerton Decl., Ex. B, at 6. That claim was thus based on a "'substantially identical' factual predicate" as the claims at issue here, rendering them "'duplicative for purposes of *res judicata*.'" *Lobban*, 435 F. Supp. 3d at 345 (quoting *KIPP Acad. Charter Sch. v. United Fed'n of Teachers*, 723 F. App'x 26, 30 (2d Cir. 2018)).

With respect to Plaintiff's claim of harassment and hostile work environment, on the other hand, the Court is unpersuaded that *res judicata* bars his claim. The arbitration focused on whether Harvard Maintenance had just cause to discharge Plaintiff in December 2018. *See* Dkt. No. 15, Fullerton Decl., Ex. B, at 5. But the allegations contained in the Complaint go beyond just the circumstances of Plaintiff's termination. The Complaint expressly describes at least one incident of harassment that, while temporally close to the termination of Plaintiff's employment, is not directly related to it. *See* Compl. at 11. In addition, the Complaint—albeit in a conclusory fashion—alleges that Plaintiff was "harassed many times." *Id.* at 6, 9. These harassment claims "do not strike the Court as part of the same nucleus of operative facts as the termination claim" because "[t]hey relate to conditions Plaintiff allegedly endured for years before his termination . . . and would not so obviously have to be litigated simultaneously that one would expect both sets of claims would necessarily be brought together." *Lobban*, 345 F. Supp. 3d at 346. To the

extent that the harassment claims are based on acts other than the termination, they are thus not precluded under *res judicata*.

**4. Motion to Compel Arbitration**

Defendants request that the Court "issue an order pursuant to the [Federal Arbitration Act] compelling arbitration" if it is not inclined to dismiss the Complaint in its entirety. Def. Br. at 17. Plaintiff was put on notice as to this possibility when he was served the Defendants' papers, and he opted not to respond despite being given multiple opportunities to do so.

As already noted, the CBA contains "a 'clear and unmistakable' waiver of Plaintiff's right to pursue his statutory claims in federal court." *Lawrence v. Sol G. Atlas Realty Co.*, 841 F.3d 81, 83 (2d Cir. 2016) (quoting *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998)). And it provides that the grievance and arbitration procedure shall serve as the "sole and exclusive remedy" for any violations. Dkt. No. 15, Fullerton Decl., Ex. A, CBA, Article XIII ¶ 30; *see also id.* Article VI ¶¶ 1, 4. Thus, Plaintiff's Title VII harassment and hostile work environment claim, to the extent not predicated on his termination, is subject to arbitration. Defendants' alternative request to compel arbitration is granted as to that claim.

While the Second Circuit has held that "the text, structure, and underlying policy of the [Federal Arbitration Act] mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested," *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015), neither party here has requested a stay. In addition, "courts have the discretion to dismiss—rather than stay—an action when *all* of the issues in it must be arbitrated." *Milgrim v. Backroads, Inc.*, 142 F. Supp. 2d 471, 476 (S.D.N.Y. 2001) (emphasis added). Because Plaintiff's remaining claim must be arbitrated under the terms of the CBA, "no useful purpose

will be served by granting a stay of . . . [the] claims and the case may be dismissed." *Alemac Ins. Serv., Inc. v. Risk Transfer, Inc.*, No. 03-CV-1162 (WHP), 2003 WL 22024070, at * 3 (S.D.N.Y. Aug.28, 2003). "Accordingly, a stay is not required and summary judgment may be granted for Defendants." *Lobban*, 345 F. Supp. 3d at 349 (collecting cases).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED in part. The following claims are dismissed with prejudice: the NYCHRL against both defendants, the ADEA claims against both defendants, the Title VII claims against Defendant Drazhi. The motion to dismiss is converted into a motion for summary judgment as to the Title VII claim against Harvard Maintenance, and the motion is GRANTED to the extent that the claims are predicated on Plaintiff's termination. The motion is denied as to the Title VII claim to the extent that it is based on acts other than Plaintiff's termination, but Defendant's alternative motion to compel arbitration is granted as to that claim. The Court thus dismisses the case in favor of arbitration as to the remaining claim. This resolves Dkt. No. 14.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed to terminate Dkt. No. 14, enter judgment and to close the case. The Clerk of Court is further directed to mail a copy of this Order to the *pro se* Plaintiff and to note its mailing on the public docket.

SO ORDERED.

Dated: March 31, 2021
New York, New York

ALISON J. NATHAN
United States District Judge